FILED
2012 Jan-11 AM 08:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JANICE Y. HAYS,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 5:11-cv-273-CLS** |
| | ) | |
| **MICHAEL J. ASTRUE, Commissioner, Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Claimant, Janice Y. Hays, commenced this action on January 27, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and widow's insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly evaluated claimant's residual functional capacity, failed to adequately develop the administrative record, improperly applied the Eleventh Circuit's standard for evaluating subjective complaints of pain, and improperly evaluated claimant's credibility. Upon review of the record, the court concludes that these contentions are without merit.

First, the court finds that the ALJ's residual functional capacity finding was supported by substantial evidence, and he did not err by failing to develop the administrative record when he did not order an additional consultative examination to assess claimant's physical limitations. A claimant bears the ultimate burden of producing evidence to support her disability claim. *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 416.912(a), (c)). Even so, the ALJ

> has an obligation to develop a full and fair record, even if the claimant is represented by counsel. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). The ALJ is not required to seek additional independent expert medical testimony before making a disability determination *if the record is sufficient and additional expert testimony is not necessary for an informed decision*. *Wilson v. Apfel,* 179 F.3d 1276, 1278 (11th Cir. 1999) (holding the record, which included the opinion of several physicians, was sufficient for the ALJ to arrive at a decision); *Holladay v. Bowen,* 848 F.2d 1206, 1209-10 (11th Cir. 1988) (holding the ALJ must order a consultative exam when it is necessary

for an informed decision).

*Nation v. Barnhart,* 153 Fed. Appx. 597, 598 (11th Cir. 2005) (emphasis supplied). The court concludes that the record in this case was sufficient to give substantial support to the ALJ's decision. Claimant consistently received only conservative treatment from her medical providers. Her test results revealed only a mild to moderate level of severity of her physical conditions, and she generally reported no more than moderate levels of pain. Based on this and other similar medical evidence, it was reasonable for the ALJ to conclude, even without the benefit of an official residual functional capacity assessment from a treating or examining physician, that claimant did not suffer disabling functional impairments.

The ALJ also did not err in considering claimant's complaints of pain and other subjective symptoms, or in evaluating her credibility. To demonstrate that pain or another subjective symptom renders her disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate

reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)). Furthermore, "*[a]fter* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied).

The ALJ found that claimant suffered from medically determinable impairments that could reasonably be expected to cause her alleged symptoms, but she nonetheless concluded that claimant's statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent they were inconsistent with the residual functional capacity finding.[1] The ALJ also stated that "[n]o objective clinical evidence shows that the claimant's symptoms are as debilitat[ing] as she alleges."[2] These conclusions were supported by substantial evidence. As the ALJ pointed out, claimant's allegations of disabling symptoms were inconsistent with the clinical and laboratory medical findings, claimant's reported daily activities, and the conservative and inconsistent nature of the treatment she received.

---

[1] Tr. at 21.

[2] Tr. at 23.

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 11th day of January, 2012.

Lynwood Smith

United States District Judge